# EXHIBIT 1

Filed
D.C. Superior Court
05/28/2015 18:35PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | |
|---|---|
| PATRICIA SIMON | : |
| TIMOTHY SNOWHITE | : |
| 2825 11TH STREET, N.W. UNIT 2 | : |
| WASHINGTON, D.C. 20001 | : |
|       PLAINTIFFS | : |
|    -VS- | :    CIVIL ACTION <u>2015 CA 003713</u> B |
| INSUN HOFGARD | : |
| 9385 JUHASZ DRIVE | : |
| GREAT FALLS, VIRGINA 22066 | : |
|    AND | : |
| JEFERSON HOFGARD | : |
| 9385 JUHASZ DRIVE | : |
| GREAT FALLS, VIRGINA 22066 | : |
|    AND | : |
| JBA DEVELOPMENT, LLC | : |
| SERVE: INSUN HOFGARD, MEMBER | : |
| 9385 JUHASZ DRIVE | : |
| GREAT FALLS, VIRGINA 22066 | : |
|    AND | : |
| PREMIUM TITLE & ESCROW LLC | : |
| SERVE: BENJAMIN SOTO, MEMBER | : |
| 3407 14TH STREET, N.W. | : |
| WASHINGTON, D.C. 20010 | : |
|    AND | : |

1

BENJAMIN SOTO                    :

3407 14TH STREET, N.W.          :

WASHINGTON, D.C. 20010          :

          DEFENDANTS            :

## COMPLAINT

(Fraud and Misrepresentation, Breach of Contract, Rescission

     Violation of Consumer Protection and Procedures Act)

   1. Jurisdiction of this cause if predicated upon Title 11,

Section 921, Title 13, Section 423 and Title 28, Section 3901,

et seq, 2001 Edition, as amended.

### Parties

   2. Plaintiffs are residents of the District of Columbia and

Owners of a condominium unit at 2825 11th Street N.W. which they

purchased on or about November 27, 2013 from Defendant JBA

Development LLC, whose principal owner and manager has been,

at all pertinent times, Defendant Insun Hofgard.

   3. Defendant Jefferson Hofgard is and has at all pertinent

Times been married to Defendant Insun Hofgard and, upon

information and belief, has directly participated in or

benefitted from Insun Hofgard's activities pertaining to the

purchase, renovation and sale of residential real property in

the District of Columbia.

   4. Defendant Benjamin Soto is a District of Columbia attorney

and is the principal/owner of Defendant Premium Title and Escrow

LLC which provides real estate settlement services including

issuing policies of title insurance guaranteeing to consumers,

including Plaintiffs, that the title to the real property they

2

are purchasing is good and marketable. Defendant Soto also had a professional relationship with Defendants at all pertinent times to the matters alleged herein.

### Facts

5.  On or about May 21, 2012 Defendant JBA, through the actions of Defendant Insun Hofgard, purchased real property located at 2825 11th Street, N.W. for the purchase price of $525,000. Upon information and belief, the purchase of such property was financed with funds and/or personal guarantees provided by Defendants Insun and Jefferson Hofgard. The property upon information and belief was a single-family rowhouse in significant disrepair.

6.  Defendant JBA, by and through Defendant Insun Hofgard, retained an engineer to prepare basic, minimal plans for presentation to the Department of Consumer and Regulatory Affairs (DCRA) in order to obtain permission to renovate the Building and convert the former rowhouse into two condominium units to be sold. By submitting such minimal plans, which Plaintiffs allege Defendants JBA and Hofgard had no intention to follow, Defendants sought to avoid greater scrutiny from DCRA that comes with more detailed and elaborate plans.

7.  Defendants JBA and Insun Hofgard next sought to have permits issued for all of the trades necessary to perform all renovation services attendant to renovating the property for conversion to two condominium units to be offered for sale. Plaintiffs allege that Defendants hired licensed trades persons to obtain the necessary permits without any intention of using said licensees to perform any work or supervision on the

3

property and, in fact, no work or supervision of such work was ever undertaken by any of the licensed trades people.

8.  Instead, Defendants JBA and Insun Hofgard hired incompetent, unlicensed individuals who they knew or should have known were unlicensed and incompetent to perform the work as detailed in the plans, let alone the more elaborate improvements which JBA and the Hofgard Defendants intended from the outset.

9.  Defendants JBA and Insun Hofgard, through their contractors, proceeded to renovate the property well beyond the scope of the DCRA-approved plans while utilizing non-code compliant materials and fixtures and performing all such work in an incompetent and dangerous manner, leaving the property in violation of District of Columbia codes, ordinances and regulations and unsafe and unsuitable for habitation.

10.   At all pertinent times, Defendants JBA and Insun Hofgard, instead of having the ongoing work inspected by city-employed inspectors from DCRA, instead retained and utilized the services of a private company, FMC and Associates, to perform all necessary regulatory inspections as required by the District of Columbia throughout the construction process. This third-party inspection company was paid directly for its services by Defendants and on their behalf FMC certified to DCRA that all interim inspections required had been undertaken and confirmed that a) all required work was done in compliance with the approved plans and b) that all applicable codes, ordinances and regulations then existing were fulfilled and the work was performed in compliance with the plans as submitted and

4

approved. Upon information and belief, FMC worked for and performed similar inspections services for other properties owned and/or which were in development by JBA and the Hofgard Defendants.

11.     At no time prior to the sale of the property by Defendants to Plaintiffs was any final inspection conducted as Required by District of Columbia ordinances, codes and Regulations, either by FMC or any DCRA employee or representative nor did Defendants at any time seek the issuance of or receive a certificate of occupancy for the property which Defendants knew or should have known was necessary in order for the contract purchasers to occupy the property and the individual condominium units being offered for sale.

12.     Defendants JBA and Hofgard knew or should have known that because the property was being so dramatically altered to increase the load and particularly the use of utilities (water, gas and electric) that is was incumbent upon them to ensure that the utility service providers make all necessary upgrades to accommodate the use change. Defendants failed to perform such upgrades or engage the service providers and also failed to separately meter the two units, all in contravention of applicable D.C. codes, ordinances and regulations.

13.     Defendants JBA and Hofgard, in the sales contract with Plaintiffs, warranted and promised that Plaintiff would receive significant savings on their settlement/closing costs provided they utilize the services of Defendants Soto and Premium. Based upon this inducement, Plaintiffs did utilize

such services provided by Soto and Premium.

14.     At no time did Defendant Soto or any other
representative of Defendant Premium notify or advise either
Plaintiff that Soto had at the time an ongoing business
relationship with JBA, the Hofgard Defendants or any other
entities controlled by Defendant Insun Hofgard. Furthermore,
neither Hofgard Defendant nor any other JBA representative
ever advised Plaintiffs of the ongoing business relationship
with Soto and/or Premium as aforesaid.

15.     Defendants Premium and Soto were paid by Plaintiffs
for such settlement/closing services which included but were
not limited to the issuance of a policy of title insurance from
Chicago Title Insurance Company, for whom Defendant Soto was an
authorized agent. The title insurance policy issued warranted
and ensured that Plaintiffs would have good and marketable title
and, insofar as Plaintiff's mortgage/financing agreement with
their lender required that they must reside at the property,
Defendants Soto and Premium warranted that the property was
in fact habitable. In fact, had Soto and/or Premium acted
diligently, they would have learned that a) no final inspection
was ever performed on the property; b) no certificate of
occupancy was ever issued to allow the Plaintiffs to occupy the
property; and c) a current survey would have revealed that
the property as sold was built beyond the scope of the plans and
beyond the footprint of the property so as to render the
property non-conforming with applicable codes, ordinances and
regulations then existing in the District of Columbia.

16.     On or about November 27, 2013, Defendants JBA and

Insun Hofgard sold Unit 2, together with a parking space, to Plaintiffs for $764,980. At no time before or after such sale did any Defendant advise Plaintiffs that the property was a) not constructed in accordance with the approved plans; b) was constructed using non-code compliant materials and fixtures by unlicensed and incompetent trades people; c) not subject to occupancy due to Defendants' failure to obtain a final inspection and occupancy permit as well as being contrary to the applicable zoning ordinances, codes and regulations.

### Count I

(Fraud and Misrepresentation, Breach of Contract)

17.  Plaintiffs incorporate by reference the averments set forth in paragraphs 1-16, above as though the same were herein pleaded.

18.  Through advertising and other representations intended to induce consumers to purchase the condominium units offered for sale at 2825 11th Street, N.W., JBA and the Hofgard Defendants stated that the residences were new construction which included new roofs, kitchens, appliances, flooring, plumbing and HVAC systems as well as legal off-street parking and rear decks.

19. These representations were material and were made to induce consumers, including Plaintiffs, to purchase the real property Defendants were seeking to sell.

20. Defendants knew or should have known that these representations were materially false when the same were made to Plaintiffs, who relied on such representations in proceeding to purchase condominium unit 2 and one off-street parking space.

21. Defendants knew or should have known that 1) they had engaged in illegal construction which was beyond the scope of the plans submitted to DCRA for approval; 2) that they had utilized the services of incompetent and unlicensed contractors who were incapable of competently performing the work as directed by Defendants; 3) in order to build to the scope of what they directed the contractors to do they needed to first obtain all necessary permits as well as a variance from the D.C. Board of Zoning Adjustment because of the non-conforming construction; and 4) they needed to obtain a final inspection and, once granted, a certificate of occupancy in order to convey the property to Plaintiffs whose contract explicitly stated that they would occupy the property as their principal residence.

22. As a result of the aforesaid willful and deliberate mis-conduct, which was undertaken to induce Plaintiffs to purchase the property and parking space, Plaintiffs are owners of an illegally constructed, structurally unsound three-bedroom, three-bathroom home and an illegal off-street parking space. Plaintiffs are subject to a D.C. government order to vacate their home as a result of such illegal and unsafe conditions and are unable to sell the property because of such conditions.

23. In order for Plaintiffs to have any hope of lawfully residing in their home, they would first have to have plans prepared for submission, with an appeal, seeking a variance from the Board of Zoning Adjustment. Plaintiffs bear the burden of demonstrating the detailed work to be performed in order to bring the entire building as well as **BOTH** condominium units into

8

compliance with all applicable codes, ordinances and regulations and they must also convince the Board of Zoning Adjustment why the otherwise illegal construction at variance with the existing zoning regulations should be allowed to remain. In the event the Board denies the petition for a variance to allow the structure to remain, then Plaintiffs would be required to incur the expense to remove all of the illegal construction undertaken by Defendants, leaving them without two of the three bedrooms as well as without the two decks and their off-street parking space.

24. If Plaintiffs are successful in obtaining a variance, they would still nonetheless be required to undertake hundreds of thousands of dollars in repairs in order to bring their unit as well as the building into substantial compliance with all applicable codes, ordinances and regulations in order to render the property structurally safe and habitable.

25. Plaintiffs aver and contend that had they known prior to purchasing the property and parking space about all of the fore-going false and misleading representations as well as the illegal underlying conduct, they never would have purchased the property and parking space.

<u>Count II</u>

(Violation of the Consumer Protection and Procedures Act)

26. Plaintiffs incorporate herein by reference paragraphs 1-25, inclusive as though the same were herein pleaded.

27. JBA and the Hofgard Defendants advertised, marketed and held out the real property as new construction, totally renovated and with upscale appliances, many significant

upgrades, all of which renders the home "consumer goods" pursuant to the District of Columbia Consumer Protection and Procedures Act (CPPA), Title 39, Section 3901(a)(2). Because this was the purchase and sale of real property, this transaction constituted goods and services as defined by the CPPA, Title 39, Section 3901(a)(7).

28. Defendants Soto and Premium offer real estate settlement services including but not limited to document preparation, filing and releasing real property deeds of trust, paying off any outstanding liens and investigating all conditions relevant to the property condition in order for Plaintiffs and their lender to be able to purchase title insurance which guarantees that the title to the property is good and marketable. These are also goods and services as defined by the CPPA, Title 39, Section 3901(a)(7).

29. Pursuant to the parties' purchase and sale contract, JBA and Insun Hofgard, as an inducement to Plaintiffs, represented that Plaintiffs would receive a $500 credit toward such real estate settlement services from Soto and Premium and a $500 credit from JBA and Hofgard if Plaintiffs utilized the services of Soto and Premium.

30. Based upon this inducement, Plaintiffs did in fact utilize the services of Soto and Premium for all settlement related work including but not limited to paying additional sums for the purchase of lender's and owners' title insurance coverage warranting that Plaintiffs would have good and marketable title.

31. At no time did any of the named Defendants ever advise Plaintiffs that JBA and the Hofgard Defendants had an ongoing

Business relationship with Soto and/or Premium.

32. Plaintiffs aver and contend that this unethical conflict of interest should have been fully and promptly disclosed to them at or shortly thereafter the inducement to use Soto and Premium was extended.

33. Plaintiffs further aver and contend that Soto and Premium acting in concert with the other Defendants, failed to diligently investigate the situation surrounding the property conditions necessary to make a legally sufficient determination as to whether the then-existing condition of the property and parking space upon sale were such that the title conveyed by Defendants to Plaintiffs was good and marketable.

34. Defendant Jefferson Hofgard, upon information and belief, was involved in the foregoing property acquisitions, construction activities and sales of properties to consumers and therefore knew or should have known about the predatory and unlawful practices undertaken by the other Defendants over a lengthy period of time. He also benefitted from the proceeds of such unlawful conduct.

## Count III

### (Rescission)

35. Plaintiffs incorporate herein by reference paragraphs 1-34, inclusive as though the same were herein pleaded.

36. Based upon all of the foregoing, Plaintiffs have not received the benefit of their bargain as per the terms and conditions of their contracts with these Defendants.

37. In addition to the sums expended to purchase the real property and parking space as well as the title insurance and

other related services, Plaintiffs have incurred substantial
and significant expenses including but not limited to
hiring professionals to inspect the property and undertake
repairs where necessary; consulting zoning counsel about
obtaining a variance and retaining counsel to assist them
in vindicating their rights in this matter.

38. Unless Plaintiffs are able to obtain a variance in
order to effectuate all repairs necessary to render the real
property structurally safe and habitable as well as ensure that
the parking space is lawful, then they will be forced to seek
other housing together with all of the costs attendant thereto.

39. But for the conduct of all Defendants as alleged herein,
Plaintiffs would not have purchased the property and parking
Space and would not now be in the position of having to find
alternative housing in the event a zoning variance is not
granted by the appropriate governmental authorities.

**WHEREFORE**, Plaintiffs Patricia Simon and Timothy Snowhite
demand judgment against Defendants Insun Hofgard, Jefferson
Hofgard, JBA Development, LLC, Benjamin Soto and Premium Title
and Escrow, LLC, jointly and severally and prays that the court

   a) award all consequential damages proved at trial; and
   b) award treble damages to them in accordance with CPPA; and
   c) award punitive damages of not less than $5,000,000;
      and/or, in the alternative
   d) order that the July 20, 2013 purchase and sale contract
      is deemed rescinded and the sale canceled, void and of no
      force and effect, with all purchase monies tendered to be
      returned to Plaintiffs together with all damages,
      trebled, returned to them together with an award of
      punitive damages not less than $5,000,000; and
   e) award Plaintiffs all of their reasonable counsel fees and
      costs incurred in vindicating their rights; and

f) award to Plaintiffs such other and further relief as to
the court seems just and proper.


_____/s/ Marc S. Moskowitz_____

Marc S. Moskowitz Bar # 350140

Counsel for Plaintiffs

15306 Diamond Cove Terrace Unit K

Rockville, Maryland 20850

301-963-7080
marcsmoskowitz@aol.com


**JURY DEMAND**

Plaintiffs respectfully pray that this matter be tried by a
jury as to all issues and claims presented.


_____/s/ Marc S. Moskowitz_____

Marc S. Moskowitz


13

**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_Patricia Simon & Timothy Snowhite_
_____ Demandante

contra

_JBA Development, LLC_
_____ Demandado

Número de Caso: 2015 CA 003713 B

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_Marc S. Moskowitz_
Nombre del abogado del Demandante

_15306 Diamond Cove Terrace Unit K_
Dirección

_Rockville, Md. 20850_

_301-963-7080_
Teléfono

SECRETARIO DEL TRIBUNAL

Por: _____
Subsecretario

Fecha _____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오     ከተፈለገ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANTE:** SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

*Patricia Simon + Timothy Snowhite*
_____ Plaintiff

vs.                                          Case Number 2015 CA 003713 B

*Benjamin Sixto*
_____ Defendant

## SUMMONS

**To the above named Defendant:**

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Marc S Moskowitz*
Name of Plaintiff's Attorney
*15306 Diamond Cove Terrace Unit K*
Address
*Rockville Md 20850*
*301-963-7080*
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date  05/27/2015

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._**

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation

See reverse side for Spanish translation

## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_Patricia Simon & Timothy Snowhite_
_____ Demandante

contra

_Benjamin Safo_
_____ Demandado

Número de Caso: _2015CA003713B_

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_Marc S. Moskowitz_
_____
Nombre del abogado del Demandante

_15306 Diamond Cove Terrace, Unit K_
_____
Dirección

_Rockville, Md. 20850_
_301-963-7080_
_____
Teléfono

SECRETARIO DEL TRIBUNAL

Por: _____
                     Subsecretario

Fecha _____

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요          ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
DIVISION CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_Patricia Simon & Timothy Snowhite_
Demandante

contra

_Premium Title & Escrow, LLC_
Demandado

Número de Caso: 2015 CA 003713 B

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_Marc S. Moskowitz_
Nombre del abogado del Demandante

_15306 Diamond Cove Terrace, Unit K_
Dirección

_Rockville, Md. 20850_

_301-963-7080_
Teléfono

SECRETARIO DEL TRIBUNAL

Por: _____
                    Subsecretario

Fecha _____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요     ፌልጎቹ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

*Patricia Simon & Timothy Snowhite*

Plaintiff

vs.

*Premium Title & Escrow, LLC*

Defendant

Case Number 2015 CA 003713 B

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Marc S Moskowitz*
Name of Plaintiff's Attorney

*15306 Diamond Cove Terrace Unit K*
Address

*Rockville Md 20850*

*301-963-7080*
Telephone

如需翻譯,請打電話 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bản dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오     (Amharic) (202) 879-4828

Clerk of the Court

By _____

Date     05/27/2015

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation

*Patricia Simon & Timothy Snowhite*

_____
Plaintiff

vs.

*Jefferson Hofgard*

_____
Defendant

Case Number *2015 CA 003713 B*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Marc S Moskowitz*
Name of Plaintiff's Attorney

*15306 Damond Cove Terrace Unit K*
Address

*Rockville Md 20850*

*301-963-7080*
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date ___05/27/2015___

如需翻譯，請打電話 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오      የአማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._**

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation

**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

*Patricia Simon & Timothy Smith*
_____ Demandante

contra

*Jefferson Hofgard*
_____
Demandado

Número de Caso: *2015CA003713B*

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*Marc S. Moskowitz*
_____
Nombre del abogado del Demandante

*15306 Diamond Cove Terrace, Unit K*
Dirección
*Rockville, Md. 20850*

*301-963-7080*
_____
Teléfono

SECRETARIO DEL TRIBUNAL

Por: _____
                          Subsecretario

Fecha _____

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Đề có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오          ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_Patricia Simon & Timothy Snowhite_
Plaintiff

vs.

_Insun Hofgard_
Defendant

Case Number **2015CA003713B**

## SUMMONS

**To the above named Defendant:**

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Marc S Moskowitz_
Name of Plaintiff's Attorney

_15306 Damond Cove Terrace Unit K_
Address

_Roc Kville Md. 20850_

_301-963-7080_
Telephone

**Clerk of the Court**

By _____
Deputy Clerk

Date **05/27/2015**

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._**

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation

**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISION CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

*Patricia Simon & Timothy Snowhite*
_____
Demandante

contra

*Jason Hofgard*
_____
Demandado

Número de Caso: *2015CA003713B*

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*Marc S. Moskowitz*
_____
Nombre del abogado del Demandante

*15306 Damond Cove Terrace, Unit K*
_____
Dirección

*Rockville, Md. 20850*

*301-963-7080*
_____
Teléfono

SECRETARIO DEL TRIBUNAL

Por: _____
         Subsecretario

Fecha _____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화하십시오      የትርጉም አገልግሎት ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

PATRICIA SIMON et al
    Vs.                          C.A. No.     2015 CA 003713 B
JBA DEVELOPMENT, LLC et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge BRIAN F HOLEMAN
Date:  May 21, 2015
Initial Conference: 9:30 am, Friday, September 04, 2015
Location:  Courtroom 214
           500 Indiana Avenue N.W.

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

**Filed**
**D.C. Superior Court**
**05/21/2015 16:19PM**
**Clerk of the Court**

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

PATRICIA SIMON                    :

TIMOTHY SNOWHITE                  :

         PLAINTIFFS               :

    -VS-                          :     CIVIL ACTION_____

INSUN HOFGARD, ET AL.            :

         DEFENDANTS               :

PLAINTIFFS' MOTION FOR JOINDER/CONSOLIDATION

Plaintiffs Patricia Simon and Timothy Snowhite, by and through counsel and pursuant to SCR Civil Rule 20, moves this Honorable Court for leave to join/consolidate their claims advanced in this action with those asserted by the District of Columbia in civil action 2015 CA 003354 B. Consent to this relief was sought from counsel for the District of Columbia, Richard Rodriguez, on May 18, but as of the date of filing this motion, no response from the District of Columbia has been received.

In support of their motion, Plaintiffs aver as follows:

1. On or about May 8, 2015, the District of Columbia filed a Complaint against the Hofgard Defendants for violations of the Consumer Protection and Procedures Act, Title 28 D.C. Code Section 3901, et seq.

2. Among the contentions raised in the District's complaint were claims relating to the unlawful and fraudulent conduct directed toward/suffered by Plaintiffs as more fully set forth

1

in their cause of action. The District's complaint also raises similar allegations and claims involving many other properties owned and/or developed and sold by the Hofgard Defendants to consumers similarly situated to the Plaintiffs herein.

3. Insofar as the complaints sought to be consolidated involve the same common nucleus of operative facts, joinder/ consolidation will allow for a joint discovery process and therefore will present all claims for adjudication at one time before a single trier of fact, thereby reducing the burden upon the court as well as the parties.

For all of the foregoing reasons, Plaintiffs pray that their motion be granted.

Respectfully submitted,

___/S/ Marc S. Moskowitz_____

Marc S. Moskowitz Bar # 350140

Counsel for Plaintiffs

15306 Diamond Cove Terrace Unit K

Rockville, Maryland 20850

301-963-7080

marcsmoskowitz@aol.com

## Certificate of Service

I hereby certify that a copy of the foregoing motion was hand delivered to Richard Rodriguez, Esquire, counsel for the District of Columbia on May 20 2015 and copies will be served upon the named Defendants herein together with the summons, complaint and initial scheduling order.

/s/Marc S. Moskowitz_____

2

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

PATRICIA SIMON                    :

TIMOTHY SNOWHITE                  :

      PLAINTIFFS               :

  -VS-                            :        CIVIL ACTION_____

INSUN HOFGARD, ET AL.             :

    DEFENDANTS                  :

<u>ORDER</u>

    UPON CONSIDERATION of Plaintiffs' Motion for Joinder/Consolidation and any Opposition thereto, and the court finding that the motion is well-supported, it is, by the court, this_____day of _____ 2015

    ADJUDGED ORDERED AND DECREED

    That Plaintiffs' Motion be, and the same hereby is **GRANTED** and the instant case is hereby consolidated with 2015 CA 003354 B for all purposes going forward.

                          _____

                          Judge, Superior Court of the

                          District of Columbia

Copies to:

Marc S. Moskowitz

Richard Rodriguez