IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA SIMON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-00929 |
| ) | Hon. Tanya S. Chutkan |
| INSUN HOFGARD, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Insun Hofgard, Jefferson Hofgard and JBA Development, LLC (collectively, the "Defendants"), by and through undersigned counsel, respectfully move this Court to dismiss Plaintiffs' Complaint as against Defendants. The details supporting this Motion are contained in the Memorandum in Support of Motion to Dismiss filed herewith. A Proposed Order is attached.

Dated: June 23, 2015               Respectfully submitted,

                                                            /s/ A. Scott Bolden
                                        A. Scott Bolden (D.C. Bar No. 428758)
                                        Michael B. Roberts (D.C. Bar No. 976409)
                                        REED SMITH LLP
                                        1301 K Street, N.W.
                                        Suite 1000 – East Tower
                                        Washington, DC 20005
                                        Phone: (202) 414-9200
                                        Facsimile: (202) 414-9299
                                        abolden@reedsmith.com
                                        mroberts@reedsmith.com

                                        *Counsel for Defendants Insun Hofgard, Jefferson*
                                        *Hofgard and JBA Development, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2015, a true and correct copy of the foregoing has been filed with the Court's CM/ECF filing system and that the foregoing will be sent via first-class mail, postage prepaid, to the following:

>Marc S. Moskowitz
>15306 Diamond Cove Terrace Unit K
>Rockville, Maryland 20850
>*Counsel for Plaintiffs Patricia Simon and Timothy Snowhite*

>Premium Title & Escrow LLC
>Attn: Benjamin Soto
>3407 14th Street, N.W.
>Washington, D.C. 20010

>Benjamin Soto
>3407 14th Street, N.W.
>Washington, D.C. 20010

>　　　／s/ A. Scott Bolden
>A. Scott Bolden (D.C. Bar No. 428758)
>REED SMITH LLP
>1301 K Street, N.W.
>Suite 1000 – East Tower
>Washington, DC 20005
>Phone: (202) 414-9200
>Facsimile: (202) 414-9299
>abolden@reedsmith.com
>
>*Counsel for Defendants Insun Hofgard, Jefferson Hofgard and JBA Development, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PATRICIA SIMON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-00929 |
| ) | Hon. Tanya S. Chutkan |
| INSUN HOFGARD, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants Insun Hofgard, Jefferson Hofgard, and JBA Development, LLC (collectively "Defendants"), by and through undersigned counsel, respectfully move this Court to dismiss the Complaint ("Complaint" or "Compl.") filed by Plaintiffs in this Action.

This dispute arises out of JBA Development, LLC's sale of residential property to the Plaintiffs. Despite alleging the existence of a contract serving as the sole source of duties relevant to this action, Plaintiffs attempt, but fail, to articulate a breach of contract claim. Plaintiffs have also filed a deficiently pleaded and improper claim for fraud, misrepresentation and unjust enrichment in which Plaintiffs seek to hold Mr. and Mrs. Hofgard individually liable despite Plaintiffs' acknowledgement that their contract was with JBA and in the absence of any alleged basis to impose personal liability on them. For good measure, Plaintiffs add a trade practice violation claim for failure to disclose an alleged relationship with a title company – the very same relationship to which Plaintiffs expressly agreed and for which Plaintiffs received $1,000 in settlement credit. For the reasons that follow, the Complaint fails to allege facts sufficient to state a plausible claim for relief against Defendants and, accordingly, Defendants respectfully request that the Court dismiss the Complaint against them.

- 2 -

## THE COMPLAINT'S ALLEGATIONS

The Plaintiffs' Complaint alleges as follows. Plaintiffs purchased a condominium unit from JBA Development, LLC ("JBA Development") on or around November 27, 2013. Compl. ¶ 2. Defendant Insun Hofgard is the "principal owner and manager" of JBA Development. *Id.* ¶ 2. The Complaint makes no allegation as to the relationship, if any, between Defendant Jefferson Hofgard and JBA Development. The Complaint only identifies a marital relationship between Mr. and Mrs. Hofgard and the unsubstantiated allegation that "upon information and belief," Mr. Hofgard "participated in or benefitted from Insun Hofgard's activities" related to the unidentified "purchase, renovation and sale of residential property." *Id.* at ¶ 3. The Complaint does not make any allegation with regard to the corporate identity of Defendant JBA Development.

Plaintiffs attempt to assert causes of action against Defendants under three counts: Fraud and Misrepresentation, Breach of Contract (Count I); Violation of the Consumer Protection Procedures Act ("CPPA") (Count II); and Rescission (Count III). Plaintiffs' breach of contract claim under Count I is unintelligible and the nature of the alleged breach cannot be ascertained from the pleadings. *See* ¶¶ 18-25. Plaintiffs' fraud and misrepresentation claim under Count I alleges that Defendants made pre-contractual representations resulting in Plaintiffs' purchase of the property, which Plaintiffs no longer want. *Id.* Plaintiffs' CPPA claim under Count II as asserted against Defendants alleges that Plaintiffs were not advised of a business relationship between the moving Defendants and Defendants Premium Title & Escrow LLC ("Premium Title") and Benjamin Soto. *Id.* at ¶¶ 29-32. Finally, Plaintiffs' rescission claim under Count III alleges that Plaintiffs did not receive the benefit of their bargain under the contract with JBA Development. *Id.* at ¶¶ 36-39.

## ARGUMENT AND AUTHORITIES

**I.      Standard for Dismissal.**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002). A motion to dismiss alleges that a plaintiff has failed to properly state a claim; it does not test a plaintiff's ultimate likelihood of success on the merits. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

To survive a motion to dismiss, a complaint must satisfy the pleading requirements of Rules 8, 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Rule 8 requires a complaint to "give the defendant fair notice of what the claim is . . . and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." *Id.* at 555-56, 569 n.14; *Ashcroft v. Iqbal*, 556 U.S. 662 , 678 (2009) (a complaint must "'state a claim to relief that is plausible on its face'") (citation omitted). Facts that are "'merely consistent with'" liability do not establish a plausible claim to relief. *Iqbal*, 556 U.S. at 678 (citation omitted). Moreover, a complaint must allege facts supporting each element of the claim; legal conclusions or conclusory allegations that merely parallel the elements of a claim are not sufficient to withstand scrutiny under Rule 12(b)(6). *Id.* at 678, 681. With regard to allegations of fraud or mistake, Rule 9(b) imposes a requirement that such allegations be pleaded with particularity. *Twombly*, 550 U.S. at 576 n.3. For the reasons indicated below, Plaintiffs' Complaint fails to state a claim against Defendants, and each count against them must be dismissed.

**II.     Plaintiffs' Claim For "Fraud And Misrepresentation, Breach Of Contract" In Count I Fails To Plead Any Of The Required Elements For A Viable Breach Of Contract Claim.**

To state a claim for breach of contract, a plaintiff "must allege the existence of "(1) a valid contract between the parties; (2) an obligation arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach." *Smith v. Henderson*, 982 F. Supp. 2d 32, 47 (D.D.C. 2013) (quoting *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009)).

Plaintiffs allege that they purchased the subject property from JBA Development. Compl., ¶ 2. In fact, JBA Development and Plaintiffs entered into a contract ("Contract") (attached hereto as **Exhibit 1**),[1] for the sale of the subject property. Since the Contract is between Plaintiffs and JBA – the entity from which Plaintiffs allege in paragraph 2 they purchased the property – Plaintiffs cannot state a breach of contract claim against Mr. or Mrs. Hofgard. Further, as to JBA Development, Plaintiffs do not allege facts describing JBA Development's duties and obligations arising under the Contract, JBA Development's alleged breach, or damages caused by the alleged breach. Indeed, no damage amount is stated anywhere in the Complaint. Quite simply, Plaintiffs identify Count I as including a claim for "Breach of Contract," but Count I does not contain any allegations that could possibly be construed as stating a claim for breach of contract. Plaintiffs' purported contract claim fails to state a claim upon which relief may be granted against Defendants and must be dismissed.

**III.    Plaintiffs' Claim For Fraud And Misrepresentation In Count I Fails To State A Cause Of Action And Must Be Dismissed With Prejudice.**

---

[1] The Court's consideration of the parties' Contract, which is integral to Plaintiffs' Complaint, is proper for purposes of Defendants' Motion to Dismiss. *See U.S. ex rel. Folliard*, 722 F. Supp. 2d 20, 24 (D.D.C. 2010) ("In determining whether a complaint fails to state a claim, courts may consider only the facts alleged in the compliant, any documents either attached to or incorporated in the complaint, matters which courts may take judicial notice, and documents appended to a motion to dismiss and whose authenticity is not disputed if they are referred to in the complaint and are integral to a [plaintiff's] claim.") (citations omitted) (internal quotation marks omitted).

### A.  Plaintiffs Cannot Allege A Factual Basis And Legal Duty Independent Of The Parties' Contract.

To state a claim for fraud and misrepresentation, the factual basis must be "separate from any breach of contract claim that may be asserted." *Plesha v. Ferguson*, 725 F. Supp. 2d 106, 113 (D.D.C. 2010) (citing *Choharis v. State Farm Fire & Cas. Co.*, 91 A.2d 1080, 1089 (D.C. 2008) ("[T]he tort must exist in its own right independent of the contract, and any duty upon which the tort is based must flow from considerations other than the contractual relationship. The tort must stand as a tort even if the contractual relationship did not exist.")).  The requirement for separate facts and a separate duty to sustain a tort claim in the face of a contract is clear: such a claim must involve "facts separable from the terms of the contract upon which the tort may independently rest and where there is a duty independent of that arising out of the contract itself." *Id.* (quoting *Choharis*, 91 A.2d at 1089).

By consolidating its fraud and misrepresentation claim with its purported breach of contract claim, Plaintiffs appear to concede that any tort and contract claims arise from the same factual underpinnings and legal duty.  All facts alleged in support of Plaintiffs' fraud and misrepresentation claim are tied directly to the Contract, and Plaintiffs do not allege an independent legal duty owed by Defendants' to Plaintiffs separate and apart from the Contract. Of course, the only entity with any duty under the contract is JBA Development.  Thus, there can be no claim against the Hofgards individually.

Even if Plaintiffs had alleged a separate factual basis and independent legal duty (which they do not), the parties' Contract includes the following integration clause:

> "This Agreement constitutes the entire agreement between the parties.  No representations, warranties, undertakings, promises, claims, advertising or promotional activities, made or conducted by Seller, or Seller's agents or representatives, whether oral, implied or otherwise shall, shall be binding upon Seller unless the same are

expressly set forth in this Agreement or in a subsequent written Agreement executed by Seller.

Ex. 1, p. 6, ¶ 19.1.

Absent an allegation that the alleged terms supposedly represented pre-contract were omitted from the Contract by fraud, the Contract's integration clause bars Plaintiffs' tort claims. *In re U.S. Office Products Co. Securities Litigation,* 251 F. Supp. 2d 77, 102 (D.D.C 2003) ("Unless the plaintiffs allege that the representation omitted from the contract was omitted by fraud, mistake or accident, an integration clause bars representations not contained in the contact even when the plaintiffs allege fraudulent inducement to enter the contract) (citations omitted). Plaintiffs have not, and cannot, state a claim for fraud and misrepresentation upon which relief may be granted against Defendants. Count I, therefore, must be dismissed with prejudice.

### B. Plaintiffs Cannot Allege That They Gave Up Anything Other Than Disappointed Contractual Expectations As A Result Of The Alleged Fraud And Misrepresentation.

To survive a motion to dismiss, Plaintiffs' fraud and misrepresentation claim must state "what was retained or given up as a consequence of the fraud.'" *Slinski v. Bank of America, N.A.*, 981 F. Supp. 2d 19, 32 (D.D.C. 2013) (quoting *United States ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004)). As a part of this requirement, "'an independent injury over and above the mere disappointment of a plaintiff's hope to receive his contracted-for benefit' is required to support a claim of fraud." *Id*. (dismissing fraud claim where the plaintiff alleged no injury beyond the plaintiff's contractual disappointment) (citation omitted). As a result of the alleged fraud and misrepresentation, Plaintiffs claim only that they are now owners of a home they no longer want, Compl. ¶ 22, which they would not have purchased had they known about the alleged misrepresentations, *id*. ¶ 25. The absence of independent injury beyond Plaintiffs' contractual disappointment is fatal to Plaintiffs' fraud and

misrepresentation claim, which must be dismissed with prejudice.

### C. Plaintiffs Fail To Plead Their Claim For Fraud And Misrepresentation With Particularity.

To survive dismissal pursuant to Rule 9(b), a Complaint alleging fraud "must 'state the time, place and content of the false misrepresentations, [and] the fact misrepresented . . . .'" *Slinski*, 981 F. Supp. 2d at 32 (quoting *Williams*, 389 F.3d at 1256). A "plaintiff must also 'identify individuals allegedly involved in the fraud.'" *Id.* (quoting *Williams*, 389 F.3d at 1256). In addition to ensuring defendants have sufficient information to prepare a response, one of the principal purposes behind this heightened pleading standard is to "'discourage[] the initiation of suits brought solely for their nuisance value, and safeguard[] potential defendants from frivolous accusations of moral turpitude.'" *Id*. (quoting *Williams*, 389 F.3d at 1256).

Even if misrepresentations are alleged to have been made negligently, Rule 9(b) still imposes a high burden on plaintiffs who must connect specific acts to specific individuals in order to state a claim. *See Anderson,* 221 F.R.D. at 255 (dismissing negligent misrepresentation claim as insufficiently pled where plaintiff made blanket allegations that "defendants as a group 'misrepresented or withheld material and significant facts'"); *Simms v. District of Columbia*, 699 F. Supp. 2d 217, 226-27 (D.D.C. 2010) (dismissing negligent misrepresentation claim as insufficiently plead where the plaintiff "present[ed] no facts other than general statements as to the who, what, where, and when of the statements allegedly made by [the defendant]").

Plaintiffs disregard the heightened pleading standard by asserting their fraud and misrepresentation claim against Defendants collectively. *See, e.g.*, Compl. ¶ 18 ("*JBA and the Hofgard Defendants* stated that the residences were new construction") (emphasis added), ¶ 19 ("the real property *Defendants* were seeking to sell") (emphasis added), ¶ 20 ("*Defendants* knew or should have known that these representations were materially false") (emphasis added).

These allegations fail to connect any specific act to any specific individual Defendant, and merely attributing conduct to both or all defendants cannot state a claim against either of them. *See, e.g., Diaby v. Bierman*, 795 F. Supp. 2d 108, 113 (D.D.C. 2011) (dismissed a complaint that referred to "defendant" in the singular form but failed to specify which defendant was being referenced, because "[w]ithout more detail the Court cannot infer more than the mere possibility of misconduct, and the complaint does not provide the notice required under the Federal Rules") (citing *Iqbal*, 129 S.Ct. at 1950); *see also Johnson v. Dore*, No. RWT–12–3394, 2013 WL 5335626, at *4 (D. Md. Sept. 20, 2013) (granting Rule 12(b)(6) motion to dismiss claims as to two defendants because the "Complaint d[id] not include any allegations concerning [those defendants] to support a plausible claim against them" but rather "repeatedly refer generally to 'Defendants,' without identifying specific Defendants or conduct").

More significantly, the collective allegations contained in Count I cannot be reconciled with the other allegations presented in support of Plaintiffs' fraud and misrepresentation claim – none of which are directed at Defendant Jefferson Hofgard. *See Compl.* ¶¶ 6-12. Rule 9(b) exists to prevent this sort of transparent attempt to hold a group of defendants liable despite the absence of allegations against individual members of the group. This type of pleading is contrary to Rule 9(b) and Plaintiffs' own allegations. Plaintiffs' claim of fraud and misrepresentation against Defendants under Count I must be dismissed.

**IV.     Plaintiffs' Unsubstantiated CPPA Claim Fails To State A Cause Of Action For Alleged Trade Practice Violations.**

    **A.     Plaintiffs Fail To Allege That Defendants Are Merchants Under The CPPA's Limited Coverage For Consumer-Merchant Transactions.**

The courts have repeatedly recognized that "the CPPA does not cover all consumer transactions." *Sundberg v. TTR Realty, LLC*, 109 A.3d 1123, 1129 (D.C. 2015) (citing *Snowder*

*v. District of Columbia*, 949 A.2d 590, 599 (D.C. 2008)). To the contrary, the CPPA "only covers 'trade practices arising out of consumer-merchant relationships.'" *Id*. (quoting *Snowder*, 949 A.2d at 599). But not everyone can be deemed a merchant. Under the CPPA, a merchant includes only a "person who, in the ordinary course of business, sells or supplies consumer goods or services." *Id*. (citing D.C. Code § 28-3901(a)(3)). Whether a person is a merchant is dispositive as to liability under the CPPA. *See Sundberg*, 109 A.3d at 1129 (upholding dismissal of CPPA count against non-merchant who allegedly contributed to or facilitated sale by merchants).

As the Court recognized in *Sundberg*, the limitation on who may be considered a merchant determines who may be sued under the CPPA. Prior to a 2007 amendment to the CPPA, the definition of merchant was not limited to sellers engaged in the ordinary course of business. *Chen v. Bell-Smith*, 768 F. Supp. 2d 121, 142-43 n.10 (D.D.C. 2011) ("The D.C. City Council amended the DCCPPA's definition of 'merchant' in June 2007 to include only those persons who supply consumer goods or services 'in the ordinary course of business.'"). Before narrowing the scope of the CPPA, "D.C. courts [] found that 'a merchant is not limited to the actual seller of the goods or services complained of' but only 'must be a person connected with the supply side of a consumer transaction.'" *Id*. (quoting *Howard v. Riggs Nat'l Bank*, 432 A.2d 701, 709 (D.C. 1981)). But that is no longer the law.

Despite this significant legislative change, Plaintiffs give short shrift to this required CPPA element – that it applies only to a "merchant" – and fail to allege any specific facts to plausibly support this predicate element for a claim under the CPPA. In fact, Plaintiffs do not even allege whether Mr. Hofgard, Mrs. Hofgard and JBA Development are merchants for purposes of the CPPA. In a conclusory fashion, Plaintiffs simply allege that "Defendant

Jefferson Hofgard is and has at all pertinent [t]imes been married to Defendant Insun Hofgard and, upon information and belief, has directly participated in or benefited from Insun Hofgard's activities pertaining to the purchase, renovation and sale of residential real property in the District of Columbia." Compl. ¶ 3.  With regard to Mr. Hofgard, Plaintiffs also opine without any factual support that "Jefferson Hofgard, upon information and belief, was involved in the foregoing property acquisitions, construction activities and sales of properties to consumers . . . ." *Id*. at ¶ 34.  None of these statements sufficiently allege whether Mr. Hofgard, Mrs. Hofgard and JBA Development are persons who, *in the ordinary course of business*, sell or supply consumer goods or services.  D.C. Code § 28-3901(a)(3).

Beyond these deficient statements, there is not a single fact in the entire Complaint indicating that any of the Defendants individually could be considered a merchant under the CPPA.  For example, with regard to Mr. Hofgard, the actual activity of what Mr. Hofgard allegedly did is left to pure speculation.  Plaintiffs do not allege any facts tying Mr. Hofgard individually to the sale of the property.  Plaintiffs do not offer any facts linking Mr. Hofgard to the parties' Contract.  Plaintiffs do not allege any facts connecting Mr. Hofgard with ownership or control of JBA Development.  In fact, Plaintiffs do not even allege that Mr. Hofgard is a member of JBA Development.  This, of course, is because Plaintiffs are fully aware that Mr. Hofgard is not party to the Contract, was not involved in the sale of the property, and is not a member or manager of JBA Development.  Beyond Mr. Hofgard, Plaintiffs similarly fail to sufficiently allege that Mrs. Hofgard and JBA Development are merchants for purposes of the CPPA.

In short, Plaintiffs completely fail to allege facts supporting an indispensable element of a CPPA claim: that Mrs. Hofgard, Mr. Hofgard or JBA Development each are merchants who sell

consumer goods in the ordinary course of business in a consumer-merchant relationship. Accordingly, Count II of the Complaint fails to state a claim for relief under the CPPA and Defendants respectfully request that Count II against them be dismissed.

### B. Plaintiffs' Claim That They Were Not Advised Of An Alleged Relationship Among Defendants And Premium Title And/Or Soto Is Belied By The Pleadings And The Express Terms Of The Contract.

Plaintiffs' CPPA claim against Defendants is primarily comprised of Plaintiffs' allegation that they were not advised of "an ongoing [b]usiness relationship with Soto and/or Premium." Compl. ¶ 31. Plaintiffs assert that this alleged "unethical conflict of interest" should have been disclosed to Plaintiffs. *Id*. ¶ 32. Plaintiffs offer no indication as to how this type of customary business affiliation could possibly create an unethical conflict of interest or trade practice violation. Furthermore, Plaintiffs' allegation that this alleged relationship was not disclosed is contradicted by Plaintiffs' pleadings and the clear terms of the Contract.

First of all, there is no prohibition on a seller of property providing a buyer with an option to procure title insurance from a particular insurer. *See* D.C. Code § 31-5031.16(b) (indicating only that sellers of property cannot *require* a buyer to purchase title insurance from a particular insurer). Second, Plaintiffs allege that they accepted a $500 discount from Premium Title and an additional $500 credit from JBA Development, LLC for selecting Premium Title as the closing agent. Compl. ¶ 29. Under the parties' Contract, Premium Title was expressly added by Plaintiffs and JBA Development to Contract ¶ 8 pertaining to settlement and conveyance of title, and Plaintiffs expressly agreed that Premium Title would conduct the settlement. Ex. 1, ¶ 8. Plaintiffs' allegation that they were not aware of an alleged relationship between Defendants and Premium Title – in the face adding Premium Title to the Contract and receiving mutual $500 discounts from Premium Title and JBA Development – is extraordinary.

- 11 -

In any event, such a relationship is not prohibited under the law of the District and could not possibly be considered an "unethical conflict of interest" or a trade practice violation under the CPPA. As a result, Count II against Defendants should be dismissed with prejudice.

### V. Plaintiffs' Effort To Hold Insun Hofgard and Jefferson Hofgard Individually Liable For Alleged Acts Of JBA Development Is Contrary To Settled Principles Of Corporate Law.

In seeking to hold Mr. and Mrs. Hofgard individually liable, the Plaintiffs assume the Court will simply ignore the parties' Contract – which makes clear that Plaintiffs purchased the property from JBA Development – and ignore the most basic tenets of corporate law. In spite of Plaintiffs' Contract with JBA Development, Plaintiffs brought this deficiently pleaded Complaint against Mr. and Mrs. Hofgard in their personal capacities. Plaintiffs have done so with full knowledge that as pleaded, Plaintiffs could not possibly state a plausible claim for relief against either of the Hofgards in their individual capacity.

"A limited liability company is an entity distinct from its member or members" and "[a] member shall not be an agent of a limited liability company solely by reason of being a member." D.C. Code §§ 29-801.04(a), 29-803.1. District of Columbia law dictates that any liability of the limited liability company is the sole liability of the company and not the liability of any member or manager "solely by reason of the member acting as a member or manager acting as a manager." *Id*. at 29-803.04(a)(1)-(2). Along these same lines, any failure of a limited liability company to manage its affairs or activities is not grounds "for imposing liability on the members or managers" for the liabilities of the company. *Id*. at 29-803.04(b).

Consistent with D.C. Code § 29-801.04, "'[t]he general rule is that a corporation is regarded as an entity separate and distinct from its shareholders.'" *Ruffin v. New Destination, LLC*, 773 F. Supp. 2d 34, 40 (D.D.C. 2011) (quoting *Lawlor v. District of Columbia*, 758 A.2d

964, 975 (D.C. 2000)). This rule applies equally to limited liability companies. *Id*. (citing *McWilliams Ballard, Inc. v. Broadway Mgt. Co.*, 636 F. Supp. 2d 1, 7-9 (D.D.C. 2009)). "A party seeking to disregard the corporate entity must prove by affirmative evidence that there is unity of ownership and interest and use of the corporate form to perpetuate fraud or wrong." *Id*. (mere allegation that individual was the "Executive Manager and owner" of a limited liability company failed to state a claim based on alter ego liability) (citing *Lawlor*, 758 A.2d at 975). Plaintiffs have willfully ignored this body of corporate law in favor of dragging Mr. and Mrs. Hofgard into court in their individual capacities solely for purposes of harassment.

Plaintiffs have made no attempt to plead facts in support of any legal theory that could even arguably give rise to individual liability of Mr. or Mrs. Hofgard for the alleged acts of JBA Development. As a result, Counts I through III against Insun Hofgard and Jefferson Hofgard must be dismissed.

**VI.    Contract Rescission Is Not An Independent Cause Of Action.**

Rounding out the deficient Complaint, Plaintiffs assert a claim of rescission under Count III. "Rescission is not an independent cause of action, but instead is an equitable remedy that a plaintiff who has been induced to enter in a contract by false and fraudulent misrepresentations may elect as an alternative to damages." *Ali v. Mid-Atlantic Settlement Servs., Inc.*, 640 F. Supp. 2d 1, 11 (D.D.C. 2009), *aff'd in part, order vacated and remanded Ali v. Tolbert*, 636 F.3d 622, 394 (D.C. Cir. 2011) (citing *Brown v. Nat'l Permanent Fed. Sav. And Loan Ass'n*, 638 F.2d 444, 447 (D.C. Cir. 1982)). Plaintiff's claim for contract rescission is not an independent cause of action and, therefore, must be dismissed with prejudice. Further, for the reasons stated above, no basis for rescission has been properly pleaded in any event.

## **CONCLUSION**

WHEREFORE, based on the forgoing, Plaintiffs' Complaint fails to state a claim upon which relief may be granted against Defendants.  Accordingly, Defendants respectfully request that the Court dismiss the Complaint against them with prejudice as set forth herein.

Dated: June 23, 2015                                   Respectfully submitted,

                                                                        /s/ A. Scott Bolden
                                                                    A. Scott Bolden (D.C. Bar No. 428758)
                                                                    Michael B. Roberts (D.C. Bar No. 976409)
                                                                    REED SMITH LLP
                                                                    1301 K Street, N.W.
                                                                    Suite 1000 – East Tower
                                                                    Washington, DC 20005
                                                                    Phone: (202) 414-9200
                                                                    Facsimile: (202) 414-9299
                                                                    abolden@reedsmith.com
                                                                    mroberts@reedsmith.com

                                                                    *Counsel for Defendants Insun Hofgard, Jefferson Hofgard and JBA Development, LLC*