## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

**PATRICIA SIMON** )
**TIMOTHY SNOWHITE** )
**2825 11th Street, N.W. Unit 2** )
**Washington, D.C. 20011** )
 )
     *Plaintiffs* )
 )
**v.** )
 )
**INSUN HOFGARD** )  **Case No. 1:15-CV-00929-TSC**
**9385 Juhasz Drive** )
**Great Falls, Virginia 22066** )
 )
**and** )
 )
**JBA DEVELOPMENT, LLC** )
**Serve: Insun Hofgard, Member** )
**9385 Juhasz Drive** )
**Great Falls, Virginia 22206** )
 )
**and** )
 )
**PREMIUM TITLE & ESCROW LLC** )
**Serve: Benjamin Soto, Member** )
**3407 14th Street, N.W.** )
**Washington, D.C. 20001** )
**202-299-9100** )
 )
**and** )
 )
**BENJAMIN SOTO** )
**3407 14th Street, N.W.** )
**Washington, D.C. 20001** )
**202-299-9100** )
 )
     *Defendants* )
_____)


## PLAINTIFFS' MOTION TO HOLD PENDING
## MOTIONS IN ABEYANCE, REMAND TO THE DISTRICT OF
## COLUMBIA SUPERIOR COURT, AND AWARD COSTS AND FEES

Come now the Plaintiffs, by and through undersigned counsel and respectfully moves this court to hold all pending motions in abeyance upon adjudication of this motion, remand Case Number 1:15-CV-00929-TSC to the Superior Court of the District of Columbia, and award costs and attorney's fees in accordance with 28 U.S.C. 28 U.S.C. § 1447(c).

## A. PROCEDURAL BACKGROUND

1. On May 21, 2015 Patricia Simon and Timothy Snowhite (Plaintiffs) filed a Complaint in the Civil Division of the Superior Court of the District of Columbia.

2. On May 30, 2015 Plaintiffs served Defendants Jefferson and Insun Hofgard (Hofgard Defendants) with copies of the Summons and Complaint.

3. On June 10, 2015, Plaintiffs served the remaining Defendants with copies of the Summons and Complaint.

4. On June 16, 2016, the Hofgard Defendants, through counsel, filed the instant removal action seeking to remove the Superior Court litigation to this Court.

5. On June 23, 2015, the Hofgard Defendants, through counsel, filed in this Court a motion to dismiss the above captioned case.

## B. HOLD IN ABEYANCE

6. Staying any portion of the proceedings in order to maintain order and control of its docket is within the broad discretion of district courts. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). If a court lacks jurisdiction, it may not proceed in any portion of the matter. *Steel Co. v. Citizens for a Better Env't*, 52 U.S. 83, 94 (1998).

7.       Currently, a motion to dismiss is pending in this Court. However, the question of jurisdiction must first be addressed. The filing of a motion to dismiss, like this unjustified removal, attempts to prolong these proceedings and add needlessly to litigation costs. The foregoing will demonstrate there is no basis for diversity jurisdiction. Therefore, a motion to dismiss is inappropriate and frivolous. Consideration of the Hofgard Defendants' motion to dismiss should be held in abeyance until adjudication of the jurisdictional issue.

## B. DIVERSITY JURISDICTION

8.       In a civil action in which the controversy exceeds $75,000 and the parties are citizens of different states, the United States District Courts will have original jurisdiction. 28 U.S.C. § 1332(a)(1). However, no action may be removed that was originally commenced in a state court if any of the parties are citizens of the state "in which such action is brought." 28 U.S.C. § 1441(b)(2). A limited liability company's citizenship is determined based on the citizenship of each and every member. *Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 178-80 (D.D.C. 2003).

9.       Although the amount in controversy in this action exceeds the requirements for removal, the parties are not citizens of different states. As stated on Premium Title's website, Benjamin Soto is a resident of the District of Columbia. Premium Title is a limited liability company, and therefore, its citizenship is determined based on the citizenship of its members. *Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. at 178. Mr. Soto is also a resident of the state in which this action was filed, violating 28 U.S.C. § 1441(b)(2). This Court lacks

subject matter jurisdiction because neither diversity, nor fraudulent joinder is present.

### C . Fraudulent Joinder

10.      In matters of fraudulent joinder, the defendant "bears a heavy burden." *NASA Federal Credit v. W. Jenkins Plumbing*, 607 F. Supp. 2d 213, 215 (D.D.C. 2009). Matters of facts and law are construed in favor of the plaintiff. *Boyd v. Kilpatrick Townsend & Stockton, LLP*,  No. CV 14-00889 (RJL), 2015 WL 509670, at *2-3 (D.D.C. Feb. 5, 2015); *NASA Federal*, 607 F. Supp. 2d at 215. Complicated forays into a "merits analysis" of the action are inappropriate. *Boyd*, 2015 WL 509670 at *2-3. The District Court is limited to determining if there is a possibility of relief. *Id.* Unless an action is "wholly nonsensical" the action must be remanded. *Brown v. Brown & Williamson Tobacco Corp.*, 26 F. Supp. 2d 74, 77 (D.D.C. 1998) (*quoting Pulse One Commc'ns, Inc. v. Bell Atlantic Mobile Sys., Inc.,* 760 F. Supp. 82, 84 (D.Md.1991)) (explaining that the strengths and weaknesses of an argument are irrelevant and only senseless actions should be considered fraudulent joinder).

11.      The Hofgard Defendants have not and cannot show "there is no possibility that the plaintiff can establish a cause of action" against Mr. Soto and Premium Title. *In re Tobacco/Governmental Health Care Costs Litig*., 100 F. Supp. 2d 31, 39 (D.D.C. 2000) (*quoting Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)) (internal quotation marks omitted). Due to Mr. Soto's failure to disclose his ongoing relationship with the Hofgard Defendants, as well as other acts of negligence and/or willful conduct, Plaintiffs have been materially harmed. Mr.

4

Soto's close relationship to the Hofgard Defendants throughout the transaction demonstrates he was inextricably linked to the relevant events in this action. The Hofgard Defendants, therefore, have failed to meet their "heavy burden" of showing that the Plaintiffs cannot establish a cause of action and, accordingly, this case must be remanded.

12.    Plaintiffs believe and therefore aver that this removal petition was commenced in bad faith. Presently pending before the Superior Court is an omnibus action filed by the Attorney General of the District of Columbia against the Hofgard Defendants alleging multiple violations of the District of Columbia Consumer Protection and Procedures Act (the Act). That action is being prosecuted on behalf of approximately 25 Hofgard purchasers, including these Plaintiffs, whose rights under the Act were violated as a result of Defendants' fraudulent business practices. These Plaintiffs sought joinder of their claims with the pending action, and relief was consented to by the District of Columbia and was awaiting review by the trial court. While these Defendants may oppose such joinder in the Superior Court, such opposition should have been presented in that action as opposed to the frivolous removal petition filed in this court.

### D. COSTS

13.    Awarding costs and fees incurred as a result of the Hofgard Defendants' improper removal is appropriate because there was no reasonable basis for federal jurisdiction. Pursuant to 28 U.S.C. § 1447(c)  a "payment of just costs and any actual expenses" may be ordered upon remand. The test for awarding costs includes considering Congress' intent "to deter removals intended to prolong

litigation and impose costs on the opposing party." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 133 (2005). An award of costs is especially appropriate in this case where non-removability was undeniable. *Yazdani v. Access ATM*, 457 F. Supp. 2d 36, 37-38 (D.D.C. 2006). The citizenship of Mr. Soto and Premium Title was never unclear, defeating diversity. Mr. Soto's failure to disclose information material to his ongoing relationship with the Hofgard Defendants as well as to the sale, and his failure to act competently and diligently creates a cause of action. Therefore, there was no reasonable basis for the Hofgard Defendants to seek removal and an award of costs and fees is warranted.

## CONCLUSION

Plaintiffs respectfully request the Court hold the motion to dismiss and any future motion filed by the Defendants in abeyance upon adjudication of the jurisdictional issue, remand this case to the Superior Court of the District of Columbia and award costs and fees incurred as a result of Defendants' improper removal. Upon the Court's request, an affidavit listing costs and fees incurred will be filed.

Respectfully Submitted,

_____/s/_____
Marc S. Moskowitz
*Attorney for the Plaintiffs*
D.C. Bar No. 350140
15306 Diamond Cove Terrace Unit K
Rockville, Maryland 20850
301-963-7080
MarcSMoskowitz@aol.com

## POINTS AND AUTHORITIES

*1. 28 U.S.C. § 1332(a)(1).

*2. 28 U.S.C. § 1441(b)(2).

*3. 28 U.S.C. § 1447(c).

*4. *Martin v. Franklin Capital Corp.,* 546 U.S. 132 (2005).

*5. *Steel Co. v. Citizens for a Better Env't,* 52 U.S. 83, 94 (1998).

*6. *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

*7. *Boyd v. Kilpatrick Townsend & Stockton, LLP*, No. CV 14-00889 (RJL), 2015 WL 509670 (D.D.C. Feb. 5, 2015).

 8. *NASA Federal Credit v. W. Jenkins Plumbing*, 607 F. Supp. 2d 213 (D.D.C. 2009).

 9. *Yazdani v. Access ATM*, 457 F. Supp. 2d 36 (D.D.C. 2006).

 10. *Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175 (D.D.C. 2003).

 11. *In re Tobacco/Governmental Health Care Costs Litig.*, 100 F. Supp. 2d 31 (D.D.C. 2000).

*12. *Brown v. Brown & Williamson Tobacco Corp.*, 26 F. Supp. 2d 74 (D.D.C. 1998).

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of this motion was filed with this Court's CM/ECF filing system, and sent via first class mail, postage prepaid, this 26th day of June, 2015, on the following:

A. Scott Bolden
*Counsel for Defendants Insun Hofgard,*
*Jefferson Hofgard and*

*JBA Development LLC*
REED SMITH LLP
1301 K Street, N.W.
Suite 100-East Tower
Washington, D.C. 20005
202-414-9200
abolden@reedsmith.com

Premium Title & Escrow LLC
Attn: Benjamin Soto
3407 14th Street, N.W.
Washington, D.C. 20010
202-299-9100

Benjamin Soto
3407 14th Street, N.W.
Washington, D.C. 20010
202-299-9100

                                        _____/s/_____
                                        Marc S. Moskowitz
                                        *Attorney for the Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **PATRICIA SIMON** | ) |
| **TIMOTHY SNOWHITE** | ) |
| **2825 11th Street, N.W. Unit 2** | ) |
| **Washington, D.C. 20011** | ) |
| | ) |
| *Plaintiffs* | ) |
| | ) |
| **v.** | ) |
| | ) |
| **INSUN HOFGARD** | ) Case No. 1:15-CV-00929-TSC |
| **9385 Juhasz Drive** | ) |
| **Great Falls, Virginia 22066** | ) |
| | ) |
| **and** | ) |
| | ) |
| **JBA DEVELOPMENT, LLC** | ) |
| **Serve: Insun Hofgard, Member** | ) |
| **9385 Juhasz Drive** | ) |
| **Great Falls, Virginia 22206** | ) |
| | ) |
| **and** | ) |
| | ) |
| **PREMIUM TITLE & ESCROW LLC** | ) |
| **Serve: Benjamin Soto, Member** | ) |
| **3407 14th Street, N.W.** | ) |
| **Washington, D.C. 20001** | ) |
| **202-299-9100** | ) |
| | ) |
| **and** | ) |
| | ) |
| **BENJAMIN SOTO** | ) |
| **3407 14th Street, N.W.** | ) |
| **Washington, D.C. 20001** | ) |
| **202-299-9100** | ) |
| | ) |
| *Defendants* | ) |

## <u>ORDER</u>

UPON CONSIDERATION OF PLAINTIFFS' MOTION TO HOLD PENDING MOTIONS IN ABEYANCE, REMAND TO THE DISTRICT OF COLUBMIA SUPERIOR COURT, AND TO AWARD COSTS, Defendant's Opposition (if any), and the record herein, and the court finding that the removal petition was not supported by the statute, by case law, or by the facts presented, and that the petition was not filed in good faith, it is this ____day of _____ 2015 hereby:

ORDERED, that all pending motions in the above captioned case be held in abeyance until this motion for remand is adjudicated and it is further

ORDERED, that the Plaintiffs' Motion is GRANTED and this case shall be transferred back to the D.C. Superior Court for all further proceedings and it is further

ORDERED, that Plaintiffs shall have such other and further relief, to wit:

_____.

_____
The Honorable Judge Tanya S. Chutkan

Respectfully Submitted,
_____/s/_____
Marc S. Moskowitz
*Attorney for the Plaintiffs*
D.C. Bar No.350140
15306 Diamond Cove Terrace Unit K
Rockville, Maryland 20850
301-963-7080
MarcSMoskowitz@aol.com

**Copies Forwarded To-**

A. Scott Bolden
*Counsel for Defendants Insun Hofgard,*
*Jefferson Hofgard and*
*JBA Development LLC*
REED SMITH LLP
1301 K Street, N.W.
Suite 100-East Tower
Washington, D.C. 20005
202-414-9200
abolden@reedsmith.com

Premium Title & Escrow LLC
Attn: Benjamin Soto
3407 14th Street, N.W.
Washington, D.C. 20010
202-299-9100

Benjamin Soto
3407 14th Street, N.W.
Washington, D.C. 20010
202-299-9100

Marc S. Moskowitz
*Attorney for the Plaintiffs*
D.C. Bar No. 350140
15306 Diamond Cove Terrace Unit K
Rockville, Maryland 20850
301-963-7080
MarcSMoskowitz@aol.com