

Case 1:15-cv-00929-TSC   Document 14   Filed 07/24/15   Page 1 of 9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **PATRICIA SIMON** )<br>**TIMOTHY SNOWHITE** )<br>2825 11th Street, N.W. Unit 2 )<br>Washington, D.C. 20011 )<br>   )<br>*Plaintiffs* )<br>   )<br>**v.** )<br>   )<br>**INSUN HOFGARD** )<br>9385 Juhasz Drive )<br>Great Falls, Virginia 22066 )<br>   )<br>**and** )<br>   )<br>**JBA DEVELOPMENT, LLC** )<br>Serve: Insun Hofgard, Member )<br>9385 Juhasz Drive )<br>Great Falls, Virginia 22206 )<br>   )<br>**and** )<br>   )<br>**PREMIUM TITLE & ESCROW LLC** )<br>Serve: Benjamin Soto, Member )<br>3407 14th Street, N.W. )<br>Washington, D.C. 20001 )<br>   )<br>**and** )<br>   )<br>**BENJAMIN SOTO** )<br>3407 14th Street, N.W. )<br>Washington, D.C. 20001 )<br>   )<br>*Defendants* )<br>   ) | Case No. 1:15-CV-00929-TSC |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO HOLD PENDING MOTIONS IN ABEYANCE, REMAND TO THE DISTRICT OF COLUMBIA SUPERIOR COURT, AND AWARD COSTS AND FEES**

Although the pleading filed by the Soto Defendants is styled as an Opposition to the relief sought by Plaintiffs, they seek dismissal of the Complaint as to them. Accordingly, Plaintiffs will address those allegations as part of this pleading.

The Soto Defendants' opposition claims that Plaintiffs added Mr. Soto and Premium Title for the sole purpose of defeating diversity. It is argued that the Plaintiffs' harm is "undefined" and damages cannot be connected to Mr. Soto's nondisclosure of his ongoing business relationship with the Hofgard Defendants. *See* Exhibit 1 Opp'n to Remand 2-3. Further, they suggest that the Settlement Disclosure and Agreement gave the Soto Defendants absolution for any possible past, current or future wrongdoing. *See* Ex. 1 at 3.

Contrary to this assertion, the harm described is real and defined. The Plaintiffs currently own a home they cannot lawfully occupy for multiple reasons, two of which are the absence of an occupancy permit as well as the property, as unlawfully constructed, violates applicable District of Columbia building code ordinances and zoning regulations. Plaintiffs "incurred substantial and significant expenses" in purchasing the property and continue to incur substantial expenses in hiring engineers and contractors and consulting with counsel regarding efforts to correct the malfeasance by Defendants, including Soto and Premium. If they are unable to obtain a variance, they must, at their expense, remove the illegal construction resulting in a much smaller residence than was marketed to them and/or seek another residence, with limited ability to recoup their investment in an unmarketable property. If they are successful in obtaining a variance, the process, which will likely cost tens of thousands of dollars, they will then be left to expend at minimum

of $250,000 to bring the property into compliance with applicable codes, ordinances and statutes relating to health, safety and habitability. These harms are significant and clear.

The aforementioned harm can be attributed to the Soto Defendants' wrongdoing. Had either of the Soto Defendants competently and ethically performed, Plaintiffs contend that the defects in the title would have been discovered and promptly reported to them. Disclosure of his ongoing business dealings with the Hofgard Defendants would have alerted the Plaintiffs to a significant and potentially harmful conflict of interest. Subsequent actions by Mr. Soto on behalf of the Hofgard Defendants raise serious questions as to the extent and nature of his complicity in the alleged fraudulent behavior.

The Soto Defendants' reliance upon the Settlement Disclosure and Agreement (Exhibit 2) is misplaced. The release language contained therein pertains to "matters not appearing of public record." See Ex. 2 at 1. The public records, including land records available at the time reveal that upon acquisition by the Hofgard Defendants, the recorded plat of the subject property showed no decks off the back, no extensions constructed from any of the three finished levels and no parking provided or allowed. A later recorded survey shows significant extensions as well as two compact car parking spaces, which would have required a Board of Zoning Appeals variance. These were records that the Soto Defendants were required to review and scrutinize as part of the process of determining whether the property as being sold was not only subject to occupancy but that the title thereto was good and marketable.  Plaintiffs' contend that through due diligence, this information should have triggered a more thorough investigation which would have revealed that two of their three bedrooms, their two decks and their parking

space were all in violation of applicable zoning ordinances, rendering the property not subject to occupancy.

Without discovery, it is unclear if the Soto Defendants even examined the public records, let alone what they may have known through their ongoing association with the Hofgard Defendants. The Soto Defendants should certainly not be shielded if it turns out that they possessed information not in the public record, whether obtained through the association with the Hofgard Defendants or otherwise, when that information may have been purposely withheld and Plaintiffs' possession of such information may have caused them to avoid entering into this transaction.

### A. Soto Defendants provided a service to the Plaintiffs and had a responsibility to perform that service with skill and care.

1. When employed to investigate real estate titles, the employee "assumes the responsibility of discharging that duty with a reasonable degree of skill and care." *Thornton v. Little Sisters of the Poor*, 380 A.2d 593, 595-96 (D.C. 1977).

2. The Plaintiffs employed the Soto Defendants to obtain title insurance. Compensation was tendered for these services, including a portion of the premium paid by Plaintiffs to the insurance company for selling them a policy worth no more than the paper upon which it was printed. While the Soto Defendants contend Mr. Soto owed the Plaintiffs no duty to inspect the property for defects, Plaintiffs make no such contention however, as previously stated, it is reasonable to expect that the Soto Defendants should have employed due diligence to ensure that the property could be occupied as a principal residence, as required by Plaintiffs' lender as an express condition precedent to granting the purchase

money mortgage, and that they would have good and marketable title to what they had purchased, to wit: a three-bedroom, three bathroom condominium with two decks and a parking space.

**B. The Soto Defendants misled the Plaintiffs by failing to disclose a material fact.**

3. Violation of the C.P.P.A. occurs when a material fact, which tends to mislead, goes unstated. D.C. Code § 28-3904(f). Omitted information is considered material if a "significant number of unsophisticated consumers would find that information important in determining a course of action." *Floyd v. Bank of Am. Corp.*, 70 A.3d 246, 255-56 (D.C. 2013) (*quoting Saucier v. Countrywide Home Loans,* 64 A.3d 428, 442 (D.C.2013)) (internal quotation marks omitted).

4. The extent of Mr. Soto's business relationship with the Hofgard Defendants, which is still not fully known and will not be known absent discovery, was material and its omission misled the Plaintiffs. Knowledge of the Soto Defendants' ongoing relationship with the Hofgard Defendants was necessary in order for the Plaintiffs to make a meaningful decision regarding a business transaction involving the payment of $765,000 for a home. When deciding whom to hire, most consumers consider conflicts of interest very important. Being aware of Mr. Soto's close business relationship with the Hofgard Defendants would have alerted the Plaintiffs to issues of competency and motivation. The Soto Defendants in their opposition state that attorneys are outside the scope of the C.P.P.A. However, Mr. Soto was not providing the type of services contemplated by the act. Unlike the defendants to whom the Soto Defendants refer in *Pietrangelo v. Wilmer Cutler Pickering Hale & Dorr, LLP*,

Mr. Soto was not the Plaintiffs' lawyer (although he might have acted as counsel for one or more of the Hofgard Defendants). In *Pietrangelo*, the defendants represented the plaintiff in his challenge of the Don't Ask Don't Tell statute. In this case, the Settlement Disclosure and Agreement specifically states Premium Title "does not undertake to or agree to provide legal representation or advice." *See* Ex. 2 at 2. According to their own opposition to remand, the Soto Defendants' "obligations" were limited to title and closing services. *See* Ex. 1 at 7. The use of the language "legally sufficient services" describes Mr. Soto's failures as a settlement and title insurance agent. It does not imply Mr. Soto acted as the Plaintiffs' attorney.

### C.  Soto Defendants were likely agents for an undisclosed principal and are therefore liable.

5.      Agency agreements may contain provisions placing sole liability for negligence, misdeeds, or fraud on the agent himself. *Ford v. Commonwealth Land Title Ins. Co.*, 691 F. Supp. 1484, 1487 (D.D.C. 1988) (discussing an agreement in which the agent assumed sole liability for any negligence in performing her duties for the title insurance company). Disagreements as to the "precise scope" of an agency relationship are "unresolved questions" of fact and therefore dismissal is inappropriate. *First Fed. Sav. & Loan Ass'n of Front Royal v. Collins*, No. CIV. A. 88-1724, 1990 WL 179598, at *3 (D.D.C. Oct. 30, 1990). Agents for undisclosed principals are liable on the contracts in which they enter. *Robinson v. Beckley*, 230 F.2d 828, 829. *See also Rosenthal v. Nat'l Produce Co.*, 573 A.2d 365, 369 (finding that disclosure "after execution of the contract" is insufficient and whether proper disclosure occurred is a question of fact).

6. Although Mr. Soto was listed as an authorized signatory on the insurance policy, the nature and scope of his agency relationship with Chicago Title is unknown. Similar to *Ford v. Commonwealth*, Mr. Soto may have agreed to be liable to Chicago Title and third parties for his own negligence or misdeeds. Discovery is necessary in order to determine if Mr. Soto was in fact acting within the true scope of his relationship with Chicago Title. A clear inference can be made from the complaint and its allegation of conflict of interest, that Mr. Soto was acting outside the scope of this agreement. Mr. Soto is a registered agent for a number of entities in which one or more of the Hofgard Defendants were principals and which were involved in the purchase, renovation and sale of real property, similar to the situation of the case at bar. However, the Plaintiffs had no knowledge of Mr. Soto or Premium Title until the Hofgard Defendants delivered a contract of sale representing that if Plaintiffs employed Premium Title for settlement services, the Soto Defendants would offer a discount of $500 for such services. To be clear, the seller was declaring/inducing the Plaintiffs to use the services of the Soto Defendants and both the seller and the Soto Defendants, in fact, did provide $500 credits to Plaintiffs toward such settlement and title services. Mr. Soto may be an agent for multiple, undisclosed principals, making him liable to Plaintiffs but the extent and nature of such relationship is not presently known and will not be known absent discovery.

### D. The D.C. Superior Court can find a cause of action.

7. Remand is required if there is "even a possibility that a state court would find a cause of action" against the defendant. The merit of an action should be left

to D.C. Superior Court. *Downey v. Ambassador Dev., LLC*, 568 F. Supp. 2d 28, 31 (D.D.C. 2008).

8.    It is entirely possible the D.C. Superior Court will find a cause of action against the Soto Defendants. The Soto Defendants' mocking dismissal of the "heavy burden" threshold is an insulting attempt to thrust the burden onto the Plaintiffs' lap in complete contradiction of case law.

## **CONCLUSION**

The harm suffered by the Plaintiffs is clear, unambiguous and compensable and there is a nexus to the acts and omissions of the Soto Defendants. There is a plausible cause of action against the Soto Defendants and therefore remand is required and/or dismissal is unwarranted. Plaintiffs respectfully request the Court grant the Plaintiffs Motion to Remand and deny the prayer for dismissal.

Respectfully Submitted,

_____/s/_____
Marc S. Moskowitz
*Attorney for the Plaintiffs*
D.C. Bar No. 350140
15306 Diamond Cove Terrace Unit K
Rockville, Maryland 20850
301-963-7080
MarcSMoskowitz@aol.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of this motion was filed with this Court's CM/ECF filing system this 24th day of July, 2015 on the following:

A. Scott Bolden
*Counsel for Defendants Insun Hofgard,*
*Jefferson Hofgard and*
*JBA Development LLC*
REED SMITH LLP
1304 K Street, N.W.
Suite 100-East Tower
Washington, D.C. 20005
202-414-9200
abolden@reedsmith.com

Howard S. Stevens
*Counsel for Defendants JBA Development, LLC*
*Insun S. Hofgard and Jefferson Hofgard*
D.C. Bar No. 466924
PACALE STEVENS, LLC
2700 Lighthouse Point East Suite 320
Baltimore, Maryland 21224
443-863-5758
hstevens@pascalestevens.com

David B. Stratton
*Counsel for Defendants Benjamin Soto*
*And Premium Title & Escrow LLC*
D.C. Bar No. 413358
JORDAN COYNE, LLP
10509 Judicial Drive, Suite 200
Fairfax, Virginia 22030
703-246-0900
d.stratton@jocs-law.com

_____/s/_____
Marc S. Moskowitz
*Attorney for the Plaintiffs*